# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MIGUEL AGUADO,

               Plaintiff,

   v.

MATTHEW C. KRAMER, et al.,

               Defendants.

_____/

CASE NO. 1:04-CV-6590-AWI-LJO-P

FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

(Doc. 9)

I.    Findings and Recommendations Following Screening of Amended Complaint

    A.    Procedural History

    Plaintiff Miguel Aguado ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 22, 2004. On February 28, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on March 30, 2005.

    B.    Screening Requirement

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467
6  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
7  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this
8  standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.
9  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most
10  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395
11  U.S. 411, 421 (1969).

12  C.  Summary of Plaintiff's Complaint

13  The events at issue in this action allegedly occurred at the Sierra Conservation Center (SCC)
14  in Jamestown, where plaintiff is presently incarcerated.  Plaintiff names Matthew C. Kramer, Dr.
15  Jean Howard, and Dr. Teresa Parkinson as defendants.  Defendant Kramer is the warden at SCC,
16  defendant Howard is the Health Care Manager at SCC, and defendant Parkinson is one of plaintiff's
17  treating physicians at SCC.  Plaintiff is seeking monetary and injunctive relief.

18  In his amended complaint, plaintiff alleges that he has hyperthyroidism, Hepatitis C, and high
19  cholesterol. Plaintiff alleges that his rights under the Eighth Amendment are being violated because
20  defendants are not providing him with proper and adequate medical care.

21  D.  Plaintiff's Section 1983 Claims

22  1.  Medical Care

23  A prisoner's claim of inadequate medical care does not constitute cruel and unusual
24  punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical
25  needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves
26  an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,
27  "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501
28  U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

2

1  mind," which entails more than mere negligence, but less than conduct undertaken for the very

2  purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a

3  deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

4  inmate health or safety."  Id.

5       In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

6  civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

7  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

8  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at

9  105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical

10  condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

11  Medical malpractice does not become a constitutional violation merely because the victim is a

12  prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310,

13  1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other

14  grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross

15  negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood

16  v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with

17  diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d

18  240, 242 (9th Cir. 1989).

19       Plaintiff's allegations are insufficient to support a claim for relief under section 1983 for

20  violation of the Eighth Amendment.  "A difference of opinion between a prisoner-patient and prison

21  medical authorities regarding treatment does not give rise to a s 1983 claim."  Franklin v. Oregon,

22  662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that

23  the course of treatment the doctors chose was medically unacceptable under the circumstances . . .

24  and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."

25  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  In this instance,

26  plaintiff has not alleged any facts that would support a claim that defendant Parkinson "[knew] of

27  and disregard[ed] an excessive risk to [plaintiff's] health or safety."  Farmer v. Brennan, 511 U.S.

28  at 837.  Plaintiff's allegations indicate a disagreement with the course of treatment chosen by

1  defendant Parkinson for plaintiff's illnesses.  This is an insufficient basis upon which to impose

2  liability under section 1983.

3                    2.    <u>Supervisory Liability</u>

4          Plaintiff names Warden Kramer and Health Care Manager Dr. Howard as defendants.  Under

5  section 1983, liability may not be imposed on supervisory personnel for the actions of their

6  employees under a theory of <u>respondeat superior</u>.  When the named defendant holds a supervisorial

7  position, the causal link between the defendant and the claimed constitutional violation must be

8  specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>,

9  589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  To state a claim for relief

10 under section 1983 for supervisory liability, plaintiff must allege some facts indicating that Warden

11 Kramer and Dr. Howard either: personally participated in the alleged deprivation of constitutional

12 rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a

13 policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving

14 force of the constitutional violation.'"  <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal

15 citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading

16 standards are broad, some facts must be alleged to support claims under section 1983.  <u>See</u>

17 <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

18         Because plaintiff has not stated a claim for relief based on the violation of his Eighth

19 Amendment rights, there is no underlying constitutional violation upon which to base a claim

20 premised on supervisory liability.  Further, even if plaintiff had stated a claim against defendant

21 Parkinson for violation of his Eighth Amendment rights, plaintiff's conclusory allegations that

22 defendants Kramer and Howard failed to supervise their employees and failed to implement adequate

23 policies and procedures are insufficient to support a claim that defendants personally participated

24 in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

25 them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

26 of constitutional rights' and is 'the moving force of the constitutional violation.'"  <u>Hansen v. Black</u>

27 at 646.

28 ///

4

D.    Conclusion

The court finds that plaintiff's amended complaint does not contain any claims upon which relief may be granted under section 1983.  Plaintiff was previously given leave to amend to cure these deficiencies but was unable to do so.  Because plaintiff's disagreement with the course of treatment prescribed by defendant Parkinson is insufficient to support a claim under section 1983, the court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 9, 2005**                         _____/s/ Lawrence J. O'Neill_____
b9ed48                                                      UNITED STATES MAGISTRATE JUDGE

5